UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLINTON GREEN, SR.,

    Plaintiff,

vs.                                                  Case No.  3:07-cv-1161-J-32MCR

WILLIS B. HUNT, JR., Judge Northern District
of Georgia; FEDERICO A. MORENO, Judge
Southern District of Florida,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's pro se Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed In Forma Pauperis.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. §1915(a)(1).  However, when an application to proceed in forma pauperis is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff's Complaint names two federal judges as defendants and alleges the judges improperly "overrode" a Supreme Court decision. (Doc. 1). The Complaint asks this Court to order the two judges to "immediately issue an order of release" as to three inmates of correctional facilities as well as to order the release of all assets seized. (Doc. 1, p.2). This Court cannot issue such an order. Instead, the inmates should attempt to exhaust their avenues of appeal. Accordingly, Plaintiff has failed to set forth an identifiable claim or ground for relief. As such, it is respectfully

**RECOMMENDED**:

Plaintiff's application to proceed without prepayment of fees contained in his Affidavit of Indigency (Doc. 2) be **DENIED** and the complaint be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  18th  day of December, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan,
  United States District Judge

Pro Se Plaintiff